# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROGER T. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:12-0195 |
| vs. ) | JUDGE SHARP/KNOWLES |
| ) | |
| ) | JURY DEMAND |
| ROLAND COLSON, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court the pro se prisoner Plaintiff's "Motion for Temporary Injunction and/or for Preliminary Injunction Relief." Docket No. 130. Defendant Evelyn Thompson has filed a Response in Opposition to the Motion. Docket No. 149.

Plaintiff's Complaint was filed February 21, 2012. Docket No. 1. Plaintiff originally sued four Defendants in their official and individual capacities: Roland Colson, Michael Bryant, Evelyn Thompson, and Frederick J. Schildcamp. Plaintiff essentially alleged that he was a "legal aid" at Riverbend Maximum Security Institution ("RMSI"), and that he was being harassed by Defendant Thompson, who was the Library Supervisor at RMSI.

Defendants Colson, Bryant, and Schildcamp subsequently filed a Motion to Dismiss. Docket No. 31. Plaintiff filed a Response in Opposition to the Motion. Docket Nos. 34, 35. The undersigned submitted a Report and Recommendation recommending that the Motion to Dismiss be granted (Docket No. 44), which was adopted by Judge Sharp on February 8, 2013. Docket No. 70. Plaintiff's claims against Defendants Colson, Bryant and Schildcamp were dismissed,

leaving Evelyn Thompson as the only Defendant.  *Id.*

Thereafter, Plaintiff filed an Amended Complaint which sued only Defendant Evelyn Thompson.  Docket No. 94.

Plaintiff filed the instant Motion on January 7, 2014.  Docket No. 130.  The Motion seeks an injunction against Defendant Thompson and former Defendant Michael Bryant prohibiting them "from retaliating against Edward Jerome Harbison, for assisting inmates with their legal affairs."  Docket No. 130.  The Motion states that Mr. Harbison is "Plaintiff's legal aide . . . ."  *Id.*, p. 1.  Plaintiff further avers that the unlawful behavior of Defendant Thompson and "other correctional officials" has interfered with his own access to the Courts.

As Defendant points out in her Response, inmate Harbison is not a Plaintiff in this action. Docket No. 149.  In fact, Mr. Harbison has filed his own lawsuit and can pursue any available legal remedies he may have in that case.  *See Harbison v. Bryant, et al.*, No. 3:13-mc-00081, United States District Court for the Middle District of Tennessee.  Defendant further states that Plaintiff Johnson has represented himself in the instant action for two years, and he has made no showing that he requires an inmate legal helper to prosecute his action or that his access to the Court has been hindered.

In considering a request for injunctive relief, the Court should consider whether: (1) the movant has shown a strong or substantial likelihood with probability of success on the merits; (2) the movant has shown irreparable injury; (3) the issuance of a preliminary injunction would cause substantial harm to others; and (4) the public interest would be served by issuing a preliminary injunction.  *Mason County Med. Ass'n v. Knebel,* 563 F.2d 256, 261 (6th Cir. 1977).

Plaintiff has not shown irreparable harm, nor has he shown a substantial likelihood of

success on the merits. In fact, Plaintiff has shown no harm at all. As Defendant correctly argues, Plaintiff has prosecuted this action on his own for more than two years. It does not appear that his access to the Court has been interfered with in any way.

For the foregoing reasons, the undersigned recommends that the instant Motion (Docket No. 130) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge