IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROGER T. JOHNSON #151890, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-cv-00195 |
| | ) | Judge Sharp / Knowles |
| v. | ) | |
| | ) | |
| ROLAND COLSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant Evelyn Thompson, the only remaining Defendant in this action. Docket No. 157. Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 158), a Statement of Material Facts (Docket No. 159), her Affidavit (Docket No. 157-1), and Excerpts from Plaintiff's Deposition (Docket No. 157-2).

Plaintiff has filed a "Memorandum of Law in Opposition" as his Response to the instant Motion. Docket No. 164. Plaintiff has additionally filed his Declaration (Docket No. 165), his Response to Defendant's Statement of Material Facts (Docket No. 166), and his own "Statement of Disputed Factual Issues" (Docket No. 167).[1]

Defendant has filed a Reply. Docket No. 168-1.

---

[1] Plaintiff's "Statement of Disputed Factual Issues" is a list of 6 *issues* that Plaintiff contends are disputed. *See* Docket No. 167. It does not dispute specific facts, nor does it contain the requisite citations to the record.

1

Plaintiff, a TDOC inmate housed at Riverbend Maximum Security Institution ("Riverbend"), filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, alleging a First Amendment retaliation claim against Defendant. Docket Nos. 1, 94, Complaint and Verified Amended Complaint. Plaintiff sues Defendant in her individual and official capacities. *Id.* Plaintiff contends that Defendant (the Riverbend librarian) retaliated against him (an inmate law library aide) for, *inter alia*, providing legal assistance to inmate Schaffer's disciplinary proceeding, and for printing a letter for inmate Crawley's parole hearing. Docket No. 94, ¶¶ 13-14, 25. Specifically, Plaintiff avers that Defendant engaged in retaliatory acts including: issuing job contact notes, requiring prior approval before printing materials, transferring Plaintiff to work in other units, looking through and reading the documents that Plaintiff prepared for inmates, searching Plaintiff on June 17, 2011, issuing a disciplinary against him after he filed a grievance against her, searching his work area, barring him from the library when he was under a legal deadline, "impeding legal visits" between Plaintiff and the inmates he was assisting, and refusing to make legal copies for inmates Plaintiff was assisting. *Id.*, ¶¶ 19, 25, 27, 32, 34, 41, 45, 55, 80, 85, 86, 94. Plaintiff also avers that Defendant "censored" and withheld, for more than twenty days, a legal document he prepared for inmate Godwin. *Id.*, ¶ 72. With regard to the printing rule, Plaintiff contends that requiring prior approval before printing materials interfered with his ability to render legal assistance to inmates Schaffer, Presley, and Clark in their disciplinary hearings. *Id.*, ¶¶ 59, 83. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and costs, as well as any other relief to which Plaintiff may be entitled. *Id.,* ¶¶ 125-44.

Defendant filed the instant Motion for Summary Judgment arguing that there is no

genuine issue as to any material fact and that she is entitled to a judgment as a matter of law because: (1) Plaintiff's "asserted legal aide work was not protected conduct, as it did not involve an access-to-court type case or the case suffered no injury"; and (2) Plaintiff "repeatedly failed to follow library policy and perform his job duties as a law library aide correctly" such that Defendant had legitimate reasons for issuing disciplinaries and job contact notes to Plaintiff. Docket No. 158.

Plaintiff filed a Response to the instant Motion, arguing that Defendant's Motion should be denied because he has stated a valid claim for retaliation under § 1983. Docket No. 164. Specifically, Plaintiff argues that he was hired to work as a legal aid law clerk at Riverbend, that he did his job so well that Defendant praised him and appointed him to train all of the new legal aides, and that he and Defendant were able to work together without incident from September 27, 2010 until January 2011, when an "altercation took place between the defendant and an inmate the plaintiff was assigned to assist." *Id.* Plaintiff contends that Defendant "desired to punish the plaintiff because the plaintiff was providing legal assistance to an inmate she did not like." *Id.* Plaintiff further contends that Defendant "would create new unwritten, un-posted rules at the spur of the moment," "try to shape the meaning of policy to fit her actions," and then "accuse the plaintiff of violating the rule to retaliate against the plaintiff." *Id.* Plaintiff additionally notes that it is appropriate to consider circumstantial evidence when determining whether he has demonstrated the requisite elements of his retaliation claim. *Id.*

Defendant, in her Reply, reiterates her contention that Plaintiff cannot establish the requisite elements of his claim because the cases he admittedly worked on for other inmates were disciplinary hearings and parole hearings, which are not "access-to-court" type actionable cases.

3

Docket No. 168-1. Defendant also reiterates her contentions that Plaintiff has failed to demonstrate that any harm resulted to the inmates' cases, and that absent such harm, Plaintiff cannot prevail. *Id.* Defendant maintains:

> the material facts remain undisputed that none of the cases on which [Plaintiff] gave legal assistance were access-to-court type cases or were shown to have suffered any harm. Therefore, [Plaintiff's] legal assistance work was not "protected conduct" and [Plaintiff] fails to meet the first prong of a *Thaddeus-X* retaliation claim.

*Id.*, p. 2.

For the reasons discussed below, the undersigned finds that there are no genuine issues as to any material fact and that Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be GRANTED.

## **II. Undisputed Facts**[2]

Plaintiff, a TDOC inmate housed at Riverbend, has filed this First Amendment retaliation action pursuant to 42 U.S.C. §1983. Docket No. 94, Verified Amended Complaint. Plaintiff became an inmate law library aide at Riverbend on September 27, 2010. *Id.*

Defendant has been a TDOC employee working at Riverbend since July 2005. Docket No. 157-1, Affidavit of Evelyn Thompson ("Def. Aff."), ¶ 2. In January 2011, Defendant was the librarian at Riverbend. *Id.*, ¶ 3.

At all times before, during, and after Plaintiff worked as a law library aide, "pursuant to library policy, an inmate is charged 20 cents a page for each document customized for him." *Id.*, ¶ 6. When Plaintiff printed a many-page document for an inmate, he also printed a letter for

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

4

inmate Crawley. *Id.*, ¶ 7. Because the letter was customized for inmate Crawley, Plaintiff needed to obtain permission to print it so that the proper monetary charge could be assessed against inmate Crawley. *Id.*, ¶ 8. Plaintiff failed to notify Defendant that he wanted to print the letter for inmate Crawley, thereby violating policy. *Id.,* ¶ 9-10. Because Plaintiff violated policy, Defendant wrote a June 7, 2011 job contact note. *Id.*, ¶ 10.

Random searches of inmates are performed at the library to undercover contraband. *Id.*, ¶ 11. Plaintiff's June 17, 2011 was one such random search. *Id.*

In order to ensure compliance with library policy and prevent the inclusion of contraband, materials prepared by inmate law library aids are also searched. *Id.*, ¶ 12.

At all times before, during, and after Plaintiff worked as a law library aide, "pursuant to library policy, when a prison policy is referred to in a document, the policy is not to be written out by hand; instead, the inmate or his law library aide must make a request to the Unit Management team to copy the policy and attach it to the document and the inmate is charged for the copy." *Id.*, ¶ 4. Plaintiff did not comply with this policy; accordingly, Defendant wrote a July 1, 2011 job contact note. *Id.*, ¶ 5.

On July 5, 2011, Defendant issued a disciplinary against Plaintiff seeking a non-disciplinary job drop because Plaintiff repeatedly failed to follow library policy and perform his job duties correctly. *Id.*, ¶ 13.

Plaintiff had 30 days from June 30th, 2011 in which to file a brief in the Court of Criminal Appeals regarding his case. Docket No. 157-2, Deposition of Roger T. Thompson ("Plaintiff's Dep."), pp. 35-36. Plaintiff filed his brief in a timely manner and the Court accepted it as such. *Id.*, p. 36.

5

Plaintiff helped inmate Presley with his grievance, but not his writ of certiorari because he was "not allowed to quote the TDOC policy that is applied in disciplinary infractions, the procedural rules about disciplinary proceedings." *Id.*, p. 43; *see also*, Docket No. 165, Ex. 3, Affidavit of Roger T. Johnson ("Plaintiff's Aff.") to inmate Presley, and Declaration of Inmate Presley.

Inmate Schaffer sought assistance with challenging his disciplinary conviction, but Plaintiff notified inmate Schaffer that he could no longer assist him in challenging his disciplinary conviction without violating TDOC policy. Plaintiff's Dep., p. 48; Docket No. 165, Ex. 3, Plaintiff's Aff. to inmate Schaffer.

Despite inmate Clark's request for assistance, Plaintiff did not help inmate Clark challenge his disciplinary write-up because of the library rules. *Id.*, p. 46; *see also*, Docket No. 165, Ex. 3, Plaintiff's Aff. to inmate Clark.

"To [Plaintiff's] understanding," inmate Godwin "got [his case] in in time." *Id.*, pp. 51-53.

Plaintiff typed and printed out a parole letter for inmate Crawley. *Id.*, pp. 53-54. Inmate Crawley received the copy of the parole statement for his parole board hearing. *Id.*, p. 56.

### III.  Analysis

**A.  Motion for Summary Judgment**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A dispute is "genuine" only if "the evidence is such

6

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his First Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## C. First Amendment Retaliation Claims

The First Amendment provides that:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceable to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I.

"Retaliation by public officials against the exercise of First Amendment rights is itself a

violation of the First Amendment." *Zilich v. Longo*, 34 F.3d 359, 364 (6th Cir. 1994) (*quoting Fraternal Order of Police Hobart Lodge #121, Inc. v. Hobart*, 864 F.2d 551, 553 (7th Cir. 1988)). In other words, "[i]nstead of being denied access to the courts, the prisoner is penalized for actually exercising that right." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The Sixth Circuit, in *Thaddeus-X v. Blatter*, *supra*, held that a plaintiff must establish three elements to make out a *prima facie* claim of retaliation under the First Amendment:

> (1) [T]he plaintiff engaged in protected conduct;
>
> (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct;[3] and
>
> (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Id*. at 394. S*ee also, Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998); *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998); *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997); and *Yellow Freight Sys.*, *Inc. v. Reich*, 27 F.3d 1133, 1138 (6th Cir. 1994).

## D.  The Case at Bar

As discussed above, in order to prevail on his First Amendment retaliation claim, Plaintiff must establish, *inter alia*, that he engaged in protected conduct. As an initial matter, the Sixth Circuit does not recognize one prisoner's independent right to help another prisoner with his legal claims. *See Thaddeus-X,* 175 F.3d at 394. The prisoner doing the assisting can sustain a retaliation claim only when the legal assistance is necessary to vindicate an inmate's right of

---

[3] In the prison context, the Sixth Circuit has adopted the standard that an adverse action "is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X*, 175 F. 3d at 396 (*quoting Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).

access to the courts.  *Id.*  Access-to-court claims include actions to vindicate constitutional rights:  direct appeals from convictions resulting in incarceration, habeas petitions, and/or civil rights actions.  *Lewis v. Casey*, 518 U.S. 343, 354 (1996).  Other legal matters are not access-to-court claims.  *Id.*, at 355.  The burden is on the plaintiff to demonstrate that the inmate he was assisting needed his help to pursue an access-to-court claim.  *Thaddeus-X,* 175 F.3d at 395.

In the case at bar, although Plaintiff argues that he was engaging in protected conduct because he was assisting inmates with §1983 actions, his proffered citations to the record either do not exist or do not support his assertions.  Rather, the record before the Court demonstrates that the legal matters for which inmates Presley, Schaffer, and Clark sought assistance were related to  prison disciplinary proceedings.  Docket No. 94, ¶¶ 59, 83; Plaintiff's Dep., pp. 43, 46, 48.  Prison disciplinary proceedings are not criminal appeals, habeas matters, or civil rights actions, and are therefore not actionable as access-to-court claims.  Additionally, the matter for which inmate Crawley sought assistance was a letter for his parole hearing.  *Id.*, ¶ 25; *Id.*, pp. 53-54.  Parole hearings are likewise not criminal appeals, habeas matters, or civil rights actions; accordingly, they are not actionable as an access-to-court claim.

Moreover, an inmate must demonstrate actual injury.  *Lewis*, 518 U.S. at 349.  If the inmate demonstrates that he was prevented from filing a qualifying case (*i.e.* direct appeals from convictions resulting in incarceration, habeas petitions, and/or civil rights actions), or that he lost his case or had his case rejected due to inability to timely file suit, then the inmate demonstrates an access-to-court claim.  *Id.* at 356.  Plaintiff bears the burden of demonstrating actual injury. *Thaddeus-X,* 175 F.3d at 396.

In the case at bar, despite being allegedly barred from the library for a period of time during a time when he was under legal deadlines, Plaintiff was able to successfully file his brief in a timely manner, within all applicable deadlines. Plaintiff's Dep., pp. 35-36. Accordingly, Plaintiff cannot demonstrate injury in his own case. Additionally, despite having a legal document prepared by Plaintiff held for approximately twenty days before being given to inmate Godwin (for whom it was prepared), inmate Godwin was able to timely file his suit. *Id.*, pp. 51-53. Plaintiff cannot demonstrate actual injury to inmate Godwin's case.

Because Plaintiff cannot establish the requisite first prong of a retaliation claim, Plaintiff cannot prevail.[4] "Absent protected conduct, plaintiffs cannot establish a constitutional violation." *Thaddeus-X,* 175 F.3d at 395. Absent a constitutional violation, Defendant is entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, the undersigned finds that there are no genuine issues as to any material fact and that Defendant is entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment (Docket No. 157) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

---

[4] Because Plaintiff cannot establish that he engaged in protected conduct, the undersigned will not discuss the two remaining elements of a retaliation claim.

11

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge