UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ROGER T. JOHNSON #151890,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 3:12-cv-00195 |
| **v.** | ) |
| | ) Judge Sharp |
| **ROLAND COLSON,** *et al.***,** | ) Magistrate Judge Knowles |
| | ) |
| **Defendants.** | ) |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, recommending that *Defendant Thompson's Motion for Summary Judgment*[1] (Docket Entry No. 157) be granted. The R & R provides, in part,

> In the case at bar, although Plaintiff argues that he was engaging in protected conduct because he was assisting inmates with §1983 actions, his proffered citations to the record either do not exist or do not support his assertions. Rather, the record before the Court demonstrates that the legal matters for which inmates Presley, Schaffer, and Clark sought assistance were related to prison disciplinary proceedings. Docket No. 94, ¶¶ 59, 83; Plaintiff's Dep., pp. 43, 46, 48.

\*\*\*

> Moreover, an inmate must demonstrate actual injury. *Lewis*, 518 U.S. at 349. If the inmate demonstrates that he was prevented from filing a qualifying case (*i.e.* direct appeals from convictions resulting in incarceration, habeas petitions, and/or civil rights actions), or that he lost his case or had his case rejected due to inability to timely file suit, then the inmate demonstrates an access-to-court claim. *Id.* at 356. Plaintiff bears the burden of demonstrating actual injury. *Thaddeus-X,* 175 F.3d at 396.

> In the case at bar, despite being allegedly barred from the library for a period of time during a time when he was under legal deadlines, Plaintiff was able to successfully file his brief in a timely manner, within all applicable deadlines. Plaintiff's Dep., pp. 35-36. Accordingly, Plaintiff cannot demonstrate injury in his own case. Additionally, despite having a legal document prepared by Plaintiff

---

[1] Evelyn Thompson is the only remaining defendant in this case.

1

held for approximately twenty days before being given to inmate Godwin (for whom it was prepared), inmate Godwin was able to timely file his suit. *Id.*, pp. 51-53. Plaintiff cannot demonstrate actual injury to inmate Godwin's case.

Because Plaintiff cannot establish the requisite first prong of a retaliation claim, Plaintiff cannot prevail. "Absent protected conduct, plaintiffs cannot establish a constitutional violation." *Thaddeus-X,* 175 F.3d at 395. Absent a constitutional violation, Defendant is entitled to a judgment as a matter of law.

(Docket Entry No. 181). Plaintiff filed timely objections to the R & R.[2] (Docket Entry Nos. 185 and 186).

Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 181) is hereby ACCEPTED and APPROVED;

(2) *Defendant Thompson's Motion for Summary Judgment* (Docket Entry No. 157) is hereby GRANTED; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

*Kevin H. Sharp*
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[2] In addition to Plaintiff's specific objection to this R & R entered at Docket Entry No. 185, he also filed *Plaintiff's Objection to All Court's [sic] Orders Filed on 4-16-14*. *See* (Docket Entry No. 186). The Court has considered both filings in its review.